UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL CONNALLY,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>COLE VALLEY CAFE, et al.,<br><br>　　　　Defendants. | Case No. 15-cv-03543-MEJ<br><br>**ORDER GRANTING MOTION TO WITHDRAW**<br><br>Re: Dkt. No. 21 |

## INTRODUCTION

On June 11, 2015, Matthew S. Kenefick and Christina L. Chen of Jeffer Mangels Butler & Mitchell, LLP ("JMBM") filed a Motion to Withdraw as Counsel for Defendants In Ju Kim and Jung Im Kim (collectively, the "Kims"). Dkt. No. 21. No opposition has been filed. The Court finds this matter suitable for disposition without oral argument and **VACATES** the May 19, 2016 hearing. *See* Fed. R. Civ. P. 78(b); Civ. L.R. 7-1(b). Having considered the record in this case and relevant legal authority, the Court **GRANTS** JMBM's Motion for the reasons set forth below.

## BACKGROUND

Plaintiff Patrick Connally ("Plaintiff") filed this case on July 31, 2015, alleging violations of the Americans with Disabilities Act of 1990 at the real property and improvements thereon commonly known as 701 Cole Street, San Francisco, California 94117 (the "Premises").[1] Dkt. No. 1. On October 6, 2015, the Kims filed their Answer and Third-Party Complaint alleging that they own the Premises and third-party defendant Michael Musleh is the tenant. Dkt. Nos. 11, 13.

According to JMBM, in January 2016, Plaintiff, the Kims, and Mr. Musleh reached a settlement of Plaintiff's claims in principle and were very close to resolving the Third-Party Complaint. Kenefick Decl. ¶ 2, Dkt. No. 22. In early March 2016, JMBM circulated the proposed

---

[1] On February 1, 2016, Plaintiff died, after which the Court granted his brother, Michael Connally, leave to substitute for his deceased brother. Dkt. Nos. 19, 25.

documentation for the settlement. *Id.*

In the meantime, the Kims have not paid JMBM's invoices since November 4, 2015 and, despite multiple requests from JMBM to pay the outstanding invoices, the Kims stopped communicating with JMBM as of March 29, 2016. *Id.* ¶¶ 3-4. Since that date, JMBM has repeatedly attempted to communicate with the Kims, but they have not responded to any of these communications. *Id.* ¶ 5.

JMBM now moves to withdraw as counsel, arguing the Kims breached their agreement to satisfy their obligation to pay JMBM's fees. Mot. at 4. JMBM maintains the impact of withdrawing as counsel will be minimal because this case "has effectively been settled in principle." *Id.* JMBM served the Motion on the Kims on April 9, 2016, and also sent it to the Kims' son, Andrew Kim, who has been JMBM's primary point of contact for this matter. Kenefick Decl. ¶ 6; Dkt. Nos. 23-24 (proofs of service).

## LEGAL STANDARD

The Court's Civil Local Rules authorize an attorney to withdraw as counsel of record if: (1) written notice has been given reasonably in advance to the client and all other parties in the action; and (2) the attorney obtains leave of Court. Civ. L.R. 11-5(a). However, "[w]hen withdrawal by an attorney from an action is not accompanied by simultaneous appearance of substitute counsel or agreement of the party to appear pro se, leave to withdraw may be subject to the condition that papers may continue to be served on counsel for forwarding purposes . . . unless and until the client appears by other counsel or pro se." Civ. L.R. 11-5(b).

In this District, the conduct of counsel, including the withdrawal of counsel, is governed by the standards of professional conduct required of members of the State Bar of California. Civ. L.R. 11-4(a)(1); *see Nehad v. Mukasey*, 535 F.3d 962, 970 (9th Cir. 2008) (applying California Rules of Professional Conduct to attorney withdrawal). California Rule of Professional Conduct 3-700(C) provides several enumerated grounds pursuant to which counsel may properly seek to withdraw from a representation. One of these grounds is that "[t]he client . . . by other conduct renders it unreasonably difficult for the member to carry out the employment effectively." Cal. Rule of Prof. Conduct 3-700(C)(1)(d). An attorney can also be relieved as counsel if the client

"breaches an agreement or obligation to the member as to expenses or fees." *Id.* 3-700(C)(1)(f).

Before withdrawal is permitted, counsel must comply with California Rule of Professional Conduct 3-700(A)(2), which provides that counsel shall not withdraw from employment until the member has taken steps to avoid reasonably foreseeable prejudice to the rights of the client, including giving due notice to the client, allowing time for employment of other counsel, complying with Rule 3-700(D) (regarding papers), and complying with applicable laws and rules. *El Hage v. U.S. Sec. Assocs., Inc.*, 2007 WL 4328809, at *1 (N.D. Cal. Dec. 10, 2007).

The decision to permit counsel to withdraw is within the sound discretion of the trial court. *United States v. Carter*, 560 F.3d 1107, 1113 (9th Cir. 2009). "Courts consider several factors when considering a motion for withdrawal, including: (1) the reasons counsel seeks to withdraw; (2) the possible prejudice that withdrawal may cause to other litigants; (3) the harm that withdrawal might cause to the administration of justice; and (4) the extent to which withdrawal will delay resolution of the case." *Atkins v. Bank of Am., N.A.*, 2015 WL 4150744, at *1 (N.D. Cal. July 9, 2015) (citing *Deal v. Countrywide Home Loans*, 2010 WL 3702459, at *2 (N.D. Cal. Sept. 15, 2010)).

**DISCUSSION**

Based on the record in this case, withdrawal is appropriate. As noted above, the Kims have not responded to JMBM's communication attempts. Kenefick Decl. ¶ 5. The Kims' failure to communicate with JMBM constitutes good cause for withdrawal. *See, e.g.*, *Ortiz v. Freitas*, 2015 WL 3826151, at *2 (N.D. Cal. June 18, 2015) ("Mr. Ortiz's failure to maintain regular contact with his counsel and cooperate in moving the litigation forward constitutes good cause for withdrawal."); *j2 Global Commc'ns, Inc. v. Blue Jay, Inc.*, 2009 WL 464768, at *2 (N.D. Cal. Feb. 24, 2009) ("Luxenberg's refusal to communicate with Sedgwick, despite Sedgwick's multiple attempts to contact him, makes it unreasonably difficult for Sedgwick to represent Luxenberg effectively.").

In addition, the Court finds JMBM has complied with the requirements of Civil Local Rule 11-5(a) and the California Rules of Professional Conduct. JMBM provided reasonable advance notice to the Kims and all the other parties that have appeared in this case of its intention to

withdraw as counsel of record.  The Court also finds JMBM has taken steps to avoid reasonably foreseeable prejudice to the Kims' rights by giving due notice of its intent to withdraw and allowing the Kims time to obtain substitute counsel.  *See Atkins*, 2015 WL 4150744, at *2 (finding counsel took reasonable steps to avoid prejudice by properly noticing motion to withdraw, serving on all parties, and allowing time to obtain substitute counsel).  Accordingly, the Court shall grant JMBM's Motion to Withdraw.

## CONCLUSION

For the reasons stated above, the Court **GRANTS** Matthew S. Kenefick and Christina L. Chen of Jeffer Mangels Butler & Mitchell, LLP's Motion to Withdraw as Counsel for Defendants In Ju Kim and Jung Im Kim.  However, because the Kims have not consented to the withdrawal and no substitution of counsel has been filed on their behalf, the Motion is granted on the condition that all papers from the Court and from other parties shall continue to be served on JMBM for forwarding purposes until a substitution of counsel is filed as provided by Civil Local Rule 11-5(b).  For all such documents, JMBM shall e-file proof of service upon the Kims.  No chambers copy is required.

As the Kims are now proceeding pro se, the Court directs their attention to the Handbook for Litigants Without a Lawyer, which is available free of charge in the Clerk's Office or online at http://cand.uscourts.gov/prosehandbk.  The Kims may also wish to seek assistance from the Legal Help Center, a free service of the Volunteer Legal Services Program, by calling 415-782-8982, or by signing up for an appointment on the 15th Floor of the Federal Courthouse in San Francisco, 450 Golden Gate Avenue, San Francisco, California.  At the Legal Help Center, you will be able to speak with an attorney who may be able to provide basic legal help but not representation. More information is available at http://cand.uscourts.gov/helpcentersf.

**IT IS SO ORDERED.**

Dated: April 28, 2016

_____
MARIA-ELENA JAMES
United States Magistrate Judge